Filed 6/18/14  P. v. Alford CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060237 |
| v. | (Super.Ct.No. RIF1312563) |
| KENNETH DWAYNE ALFORD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a negotiated plea agreement, defendant and appellant Kenneth Dwayne Alford pled guilty to grand theft of access card information (Pen. Code, § 484e,

1

subd. (d))[1] and admitted that he had suffered a prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).  In return, the remaining allegations were dismissed and defendant was sentenced to a stipulated term of 32 months in state prison with credit for time served.  Defendant appeals from the judgment, challenging the sentence or other matters occurring after the plea.  We find no error and affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

On October 30, 2013, defendant had credit cards or other types of access cards belonging to another person, and wanted to use those cards for his benefit.

On November 1, 2013, a complaint was filed charging defendant with felony unlawfully acquiring and retaining access card account information belonging to another person with the intent to fraudulently use them (§ 484e, subd. (d); count 1); misdemeanor being under the influence of a controlled substance (Health & Saf. Code, § 11550; count 2); and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364.1; count 3).  The complaint further alleged that defendant had sustained two prior prison terms (§ 667.5, subd. (b)) and one prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).  The complaint further alleged that defendant had violated the terms and conditions of his probation in case No. SWM1301772.

On November 15, 2013, pursuant to a negotiated plea agreement, defendant pled guilty to count 1 and admitted the prior strike allegation.  In return, the remaining charges

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

and enhancement allegations would be dismissed and defendant would be sentenced to a stipulated term of 32 months in state prison with credit for time served. After examining defendant, the trial court found that defendant knowingly and intelligently waived his rights; that defendant understood the nature of the charges and the consequences of the plea; and that there was a factual basis for his plea. Defendant was thereafter immediately sentenced in accordance with his plea agreement and awarded a total of 33 days of credit for time served.

On December 6, 2013, defendant filed a notice of appeal, challenging the sentence or other matters occurring after the plea.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

RICHLI

J.

MILLER

J.